# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BARBARA KAY KOLE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08- 0411- LMB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| MICHAEL J. ASTRUE, Commissioner of the | ) | **AND ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Currently pending before the Court is Barbara Kay Kole's Motion for Summary Judgment and Motion for Remand to Consider New Evidence. (Docket No. 11).  Petitioner seeks review to set aside the final decision of Respondent denying her claim for Disability Insurance Benefits under Title II of the Social Security Act ("the Act").  She brings this action pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record and being otherwise fully advised, the Court enters the following Memorandum Decision and Order.

## I.  ADMINISTRATIVE PROCEEDINGS

Barbara Kole ("Petitioner" or "Claimant") filed an application for disability insurance benefits under Title II of the Act on or about May 20, 2005, alleging disability beginning September 10, 2004. (AR 17).   Her application was denied initially on August 22, 2005, and denied again on reconsideration on September 10, 2004.  (AR 17).  On October 11, 2005, Petitioner timely requested a hearing before an Administrative Law Judge ("ALJ").  (AR 17).

**MEMORANDUM DECISION AND ORDER  - 1**

ALJ Hayward C. Reed held a hearing on August 28, 2007, in Lewiston, ID, where the Petitioner appeared, personally, assisted by her attorney, Paul L. Clark.  *Id*.  Vocational Expert, Pauline Peterson, Ph.D,, also appeared and testified at the hearing.  (AR 486, 514).

On September 28, 2007, the ALJ denied Petitioner's application for benefits on the grounds that she was not disabled as defined by the provision of the Social Security Act  at the time of adjudication.  Accordingly, the ALJ made a determination that Petitioner "has not been under a disability, as defined in the Social Security Act, from September 10, 2004, through the date of this decision."  (AR 27).  Petitioner requested the Appeals Council review the ALJ's decision.  The Appeals Council denied review on August 6, 2008, making the AJL's decision the final decision of the Commissioner of Social Security.  (AR 7–9).

Having exhausted her administrative remedies, Petitioner timely filed the instant action. *Complaint* (Docket No. 1).  Petitioner requests that this matter be remanded for an ALJ hearing *de novo*.  *Plaintiff's Brief* (Docket No. 11).[1]  Petitioner alleges that the Commissioner's decision is not supported by substantial evidence, is contrary to the evidence and based on legal errors. *Id.*  Petitioner asks that the case be remanded for the ALJ to consider new evidence.  *Id*. at 1–2 (Docket No. 11).

## II.  BACKGROUND

At the time of the hearing before the ALJ, Petitioner was fifty-two years old.  (AR 26). She completed high school in 1974.  (AR 138).  Further, Petitioner had fourteen years work

---

[1]  Petitioner improperly titled her opening brief as *Motion for Summary Judgment and Motion for Remand to Consider New Evidence*.  (Docket No. 11).  However, this District designates such documents as "*Petitioner's Brief*," and any response as "*Respondent's Brief*." This Memorandum Decision and Order continues that trend despite the title in Petitioner's caption.

**MEMORANDUM DECISION AND ORDER  - 2**

experience as a fork truck driver and eleven years as a waste water treatment tester, both at a pulp/paper mill.  (AR 134).  As previously noted, the ALJ determined that she has been unable to perform either of those past jobs.  (AR 299).

The ALJ also determined that Petitioner had severe impairments in her right knee and a post right lobectomy resulting from non-small cell lung cancer.  (AR 19).  However, the ALJ concluded that, in denying her application, Petitioner had not met her burden of proving that she has been under a disability as defined by the Social Security Act during the period under consideration.  (AR 24).  The ALJ found Petitioner to "not have an impairment that meets or medically equals one of the listed impairments . . . ."  (AR 21).  Additionally, the ALJ made a finding that Petitioner "is unable to perform any past relevant work," (AR 25) and that Petitioner

> has the residual functional capacity to perform light work except that she can lift occasionally 30 pounds and she should avoid prolonged standing or walking greater than 2 hours, squatting, kneeling, crawling and climbing stairs.

(AR 22) (internal citations omitted).  Additionally, the ALJ, based on the testimony of a vocational expert, and considering other factors, determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  (AR 26).  In so doing, the ALJ adopted the vocational expert's testimony that Petitioner "would be able to perform the requirements of representative occupations in the sedentary and light exertion level such as a food and beverage order clerk; addresser; ticket seller; potato inspector; and cannery worker."  (AR 26–27).

It is also important to note that subsequent to the Appeals Council's denial of Petitioner's request for review, (AR 7), the Commissioner determined, in reviewing a later-filed application, that Petitioner was entitled to disability benefits with on onset date of September 29, 2007, one

**MEMORANDUM DECISION AND ORDER  - 3**

day after ALJ's negative finding currently under review.  *See Plaintiff's Proposed Supplement*
(Docket No. 11-3).

### III.  STANDARD OF REVIEW

The Court's jurisdiction "is limited to reviewing the administrative record to determine
whether the decision is supported by substantial evidence in the record and whether the proper
legal standard has been applied."  *Procedural Order*, (Docket No. 2); 42 U.S.C. § 405(g) (2000).
Under this standard, the ALJ's decision must be upheld unless it is based on legal error or is not
supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Stout v. Comm'r, Soc. Sec. Admin.*,
454 F.3d 1050, 1052 (9th Cir. 2006).

"'Substantial evidence' means more than a scintilla, but less than a preponderance, i.e.
such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  "Where evidence is susceptible
to more than one rational interpretation," the ALJ's decision must be upheld.  *Burch v. Barnhart*,
400 F.3d 676, 679 (9th Cir. 2005).   However, in reviewing the ALJ's decision, this court "must
consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum
of supporting evidence.'"  *Robbins*, 466 F.3d at 882.

If the Commissioner's decision is supported by substantial evidence and based upon
proper legal standards, then it will be upheld.  42 U.S.C. § 405(g) (2000); *Matney ex rel. Matney
v. Sullivan*, 921 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th
Cir. 1990).  Findings of fact by the ALJ are conclusive if supported by substantial evidence.  42
U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).  In other words, if there is
substantial evidence to support the ALJ's factual determinations, they must be upheld, even in

**MEMORANDUM DECISION AND ORDER  - 4**

the face of conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374

(9th Cir. 1979).

With respect to questions of fact, the role of the Court is to review the record as a whole

to determine whether it contains evidence that would allow a reasonable mind to accept the

conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019.  The ALJ

is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v.*

*Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v.*

*Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from

the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  When the evidence is

susceptible to more than one rational interpretation in a disability proceeding, the reviewing

court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*,

44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal

standards and will only be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's

construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.

*See id.*  However, reviewing courts "will not rubber-stamp an administrative decision that is

inconsistent with the statutory mandate or that frustrates the congressional purpose underlying

the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing courts must bear

in mind that the Social Security Act is remedial and should be construed liberally and "not so as

to withhold benefits in marginal cases."  *Id*. at 1095 (citations omitted).

**MEMORANDUM DECISION AND ORDER  - 5**

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on application of proper legal standards.

## IV.  DISCUSSION

When evaluating evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920.  "The burden of proof is on claimant as to steps one through four[, but] as to step five, the burden shifts to Commissioner."  *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999).

## A.     Sequential Process

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the answer is in the affirmative, disability benefits are denied.  20 C.F.R. § 404.1520(b).  In the instant action, the ALJ concluded that Petitioner has not performed substantial gainful activity since September 10, 2004.  (AR 19).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  If the answer is in the negative, disability benefits are denied.  20 C.F.R. § 404.1520(c).  Here, the ALJ found that Petitioner has two severe impairments: right knee replacement and stage I non-small cell lung cancer, status post right lobectomy.  (AR 19).

At the third step, the ALJ must determine whether the claimant's impairments meet or equal a listed impairment under the 20 C.F.R. Pt. 404, Subpt. P, App. 1.  If the answer is in the

MEMORANDUM DECISION AND ORDER  - 6

negative, the claimant is not disabled.  20 C.F.R. § 404.1520(d).  In this case, the ALJ concluded

that Petitioner did not have an impairment or combination of impairments that meets or

medically equals, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  (AR 21).

 "If the claimant's impairment neither meets nor equals one of the impairments listed in the

regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds

to step four." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (citing 20 C.F.R. §

404.1520(d)).

     The fourth step of the evaluation process requires the ALJ to determine whether the

claimant's residual functional capacity is sufficient for the claimant to perform past relevant

work.  20 C.F.R. § 404.1520(a)(4)(iv).   If so, then the claimant is determined to be "not

disabled" and not entitled to disability insurance benefits.  *See* 20 C.F.R. § 404.1520(e).  "If the

claimant cannot do any work he or she did in the past, then the claimant's case cannot be

resolved at step four and the evaluation proceeds to the fifth and final step." *Lounsburry*, 468

F.3d at 1114.  Here, the ALJ concluded that Petitioner "is unable to perfom any past relevant

work."  (AR 25).  Thus, the ALJ continued to step five of the sequential process evaluation.

     When a claim reaches step five, the ALJ considers if the claimant is able to do any other

work.  20 C.F.R. § 404.1520(f)(1).  If not, then the claimant is "disabled" and entitled to

disability insurance benefits.  *Id*.  If it is determined that the claimant is able to work, then the

Commissioner must then establish that there are a significant number of jobs in the national

economy that claimant can do in his or her condition.  *Id*.  "If the Commissioner cannot meet this

burden of production, then the claimant is "disabled" and therefore entitled to disability

benefits." *Lounsburry*, 468 F.3d at 1114.

**MEMORANDUM DECISION AND ORDER  - 7**

At this stage, the ALJ determined that Petitioner retains the residual functional capacity ("RFC") to perform the exertional demands of light work.  (AR 22).  The ALJ further found that Petitioner has the RFC to occasionally lift 30 pounds, noting, however, that the "light work" designation normally involves lifting no more than 20 pounds at a time.  (AR 22).  Accordingly, the ALJ found Petitioner not disabled under the Act and denied her disability benefits.

**B.**     **Discussion**

Petitioner claims to not challenge the determination of the Commissioner at steps one through four of the sequential process.  *Petitioner's Brief*, p. 3 (Docket No. 11) ("In the instant case, steps 1-4 are not at issue.")  However, Petitioner does challenge the Commissioner's determination on several fronts.  Primarily, Petitioner argues that a subsequent disability determination and consequent medical evidence should prompt the Court to remand this action for further review.  *Id.*, p. 4–6.  Second, Petitioner argues the ALJ erred in his step five determination in light of evidence on the record.  Specifically, Petitioner challenges the ALJ's RFC determination, claiming that the ALJ improperly found Petitioner less than credible, and improperly weighed medical evidence on the record.  *Id.* at pp. 7–16.

In response, Respondent argues that the "new evidence" should not be instructive to the Court and further, "does not warrant a remand to the agency."  *Respondent's Brief*, pp. 6–7 (Docket No. 12).  Respondent also asserts that the ALJ properly discounted Petitioner's credibility, providing "several clear and convincing reasons" for doing so.  *Id.* at 8.  Respondent further argues that the ALJ properly interpreted the medical evidence, providing adequate reasons for rejecting any findings.  *Id.* at 12–16.  Finally, Respondent argues that the ALJ's RFC determination is supported by supported by substantial evidence.  *Id.* at 16–18.

**MEMORANDUM DECISION AND ORDER  - 8**

1.    **Extra-record Evidence**

Sometime after the negative disability determination in this case, Petitioner alleges she

filed a duplicate application for Social Security Disability benefits, while the negative disability

determination, at bar, was under review by the Appeals Council.  *Petitioner's Brief*, p. 4, n. 1

(Docket No. 11).  Petitioner claims to have filed the subsequent application with no new

evidence.  *Id*.

The ultimate result of the later-filed application was a positive disability decision with an

onset date of September 29, 2007, one day after the ALJ's negative disability determination in

this case.[2]  *Id*. at 4–6.  Petitioner did not file any evidence considered by the Commissioner in the

subsequent application, only the Notice of Award.

In addition to the consequent Notice of Award, Petitioner seeks to augment the record

with additional medical evidence.  Specifically, on July 1, 2008, Dr. Regan B. Hansen prepared

treatment notes, regarding Petitioner's knee, suggesting a decline in Petitioner's level of

functioning.  *Id*., *see also Respondent's Brief*, p. 6 (Docket No. 12).  According to Petitioner, the

case should be remanded for the Commissioner to consider both pieces of extra-record

evidence.  *Id*.

Respondent argues that, as a matter of law, the Court should not consider this evidence.

*Respondent's Brief*, p. 5–7 (Docket No. 12).  Likewise, Respondent also argues that, as a matter

of law, the new evidence "does not meet the requirements of materiality and good cause" to be

warrant a remand to the agency.  *Id*.  Put another way, Respondent contends that the extra-record

evidence should not be made part of the record nor considered by the Court or agency upon a

---

[2]  In the decision currently under review, the ALJ determined that Petitioner was "not
disabled" as of September 28, 2007.

**MEMORANDUM DECISION AND ORDER  - 9**

possible remand.  *Id.*

A claimant seeking remand for consideration of extra-record evidence must demonstrate that there is "new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g), *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985).  To be material under section 405(g), the new evidence must bear "directly and substantially on the matter in dispute."  *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982).  Petitioner must also demonstrate that there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing.  *See Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1983).

If the new evidence is from an expert opinion, Petitioner cannot meet the good cause requirement simply by obtaining a new report from an expert witness once his claim is denied. *Key,* 754 F.2d at 1551.  Rather, when a more favorable expert report is proffered, such as the case here, Petitioner must establish good cause for not seeking the expert's opinion prior to the denial of his claim.  *Id.*

With regard to the consequent Notice of Award (Attachment three to *Petitioner's Brief*), it appears that Petitioner seeks remand or reversal of the underlying determination as a way of appealing the onset date of the consequent award of benefits.  Regardless, Petitioner has failed to meet her burden of showing that there is any "new evidence" for the Commissioner to consider. In fact, Petitioner concedes "[t]he evidence the ALJ reviewed is the same evidence that the State Agency reviewed in the subsequent decision for the time period around the ALJ's decision and the onset date determined in the subsequent claim."  *Petitioner's Reply*, p. 1 (Docket No. 13).

**MEMORANDUM DECISION AND ORDER  - 10**

The administrative record for the determination under review will not be augmented with identical evidence as proposed by Petitioner. *See Noujaim v. Astrue*, 233 Fed.Appx. 708, 709 (9th Cir. 2007) ("There is no reasonable possibility that the evidence . . . sought to [be] introduce[d] would have changed the outcome of the determination had it been before the Commissioner."). If Petitioner wishes to challenge the onset date of the subsequent positive disability determination, an appeal of that decision is the appropriate route. 20 C.F.R. 404.905.

Regarding the medical records sought, by Petitioner, for inclusion in the record, they concern only treatment that Petitioner was undergoing in June and July of 2008, beyond the period under consideration of the instant appeal. Additionally, Petitioner fails to establish, or even argue, a "reasonable possibility" that the extra-record medical reports, provided by Dr. Hansen, would have changed the outcome of the administrative hearing. *See Booz*, 734 F.2d at 1380-81. Accordingly, the proffered records will not be considered by this Court, and the determination in question will not be remanded for consideration of this extra-record evidence.

### 2.     ALJ's RFC Determination

Though Petitioner claims only to be challenging the ALJ's production at step five of the sequential process, it is apparent from her pleadings that she is actually disputing the ALJ's RFC determination. *See, e.g., Petitioner's Brief*, p. 17 (Docket No. 11) ("The inability to stand for two hours precludes light work . . . ."). Petitioner argues that the ALJ committed "legal and factual error" when he "failed to credit the treating physician's opinion or adequately explain the weight given that opinion." *Id*. at 7. Additionally, Petitioner contends that "[t]he ALJ failed to properly evaluate the Petitioner's testimony and offer clear and convincing reasons for his credibility findings." *Id*. at 12.

**MEMORANDUM DECISION AND ORDER  - 11**

Respondent replies that the ALJ properly interpreted the medical evidence, giving clear and convincing reasons for his determination on this issue. *Respondent's Brief*, p. 12–13 (Docket No. 12). Respondent also argues that the ALJ applied the proper legal standard in finding Petitioner less than fully credible. *Id.* at 8–12. Respondent concludes that the ALJ's RFC finding is supported by substantial evidence and free of legal error, and thus, reversal or should be denied. *Id.* at 16–18.

### a.     ALJ's Treatment of Medical Evidence

In her application for benefits, Petitioner presented evidence from a number of treating and consulting physicians. In his decision, the ALJ assigned limited weight to the opinion of Petitioner's treating physician, Dr. Elizabeth Black. Rather, the ALJ considered the opinion of Petitioner's treating orthopedist, Dr. Regan Hansen, and assigned it significant weight. Finally, the ALJ assigned "some weight" the opinions of State agency evaluating physicians.

Petitioner challenges the ALJ's determination discounting Dr. Black at not supported by clear and convincing reasons. *Petitioner's Brief*, pp. 7–11 (Docket No. 11). Petitioner also takes issue with the ALJ's interpretation of the evidence provided by Dr. Hansen, complaining that the ALJ "failed to explain his subtle decrease of limitations as found by Dr. Hansen." *Id.* at 11.

Respondent, in turn, contends that the ALJ gave clear and convincing reasons for rejecting the opinion of Dr. Black. *Respondent's Brief*, p. 13–16. Further, Respondent argues that Petitioner "does not correctly interpret the ambiguities in Dr. Hansen's opinion," concluding that when Dr. Hansen used the "<" symbol in his opinion, he actually intended to use a ">"

**MEMORANDUM DECISION AND ORDER  - 12**

symbol.[3]  *Id.* at 17.  Respondent reasons that if the ALJ were not to interpret the symbol as transposed, Dr. Hansen would be recommending that "Petitioner was capable of prolonged standing or walking, so long as it lasted longer than two hours . . . ."  Finally, Respondent argues that the ALJ properly supported and explained his evaluations of the doctors' testimony.  *Id.*

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians).  *See* 20 C.F.R. §§ 404.1502, 416.927, *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those of other physicians, as treating physicians have a greater opportunity to observe the claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996), *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  While a treating physician's opinion is normally entitled to deference, it is not necessarily determinant as to the question of disability.  *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 (9th Cir. 1989).  Here, it is undisputed that we are dealing with two treating physicians, Dr. Black and Dr. Hansen.

---

[3]  At this point, it must be noted that, in support of his brief, Respondent cites to Wikipedia. *Respondent's Brief*, p. 17, n. 5 (Docket No. 17).  While it may support his contention of what the mathematical symbols of "<" and ">" refer to, Respondent is admonished from using Wikipedia as an authority in this District again.  Wikipedia is not a reliable source at this level of discourse.  *See* James Glerick, *Wikipedians Leave Cyberspace, Meet in Egypt*, Wall St. J., Aug. 8, 2008, at W1 ("Anyone can edit [a Wikipedia] article, anonymously, hit and run.  From the very beginning that has been Wikipedia's greatest strength *and its greatest weakness*.") (emphasis added).  As an attorney representing the United States, Mr. Rodriguez should know that citations to such unreliable sources only serve to undermine his reliability as counsel.

**MEMORANDUM DECISION AND ORDER  - 13**

The Ninth Circuit has held that a treating doctor's opinion is entitled to special

consideration and weight:

> The medical opinion of a claimant's treating physician is entitled to "special weight." The treating physician's opinion is given that deference because "he is employed to cure and has a greater opportunity to know and observe the individual."

*Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989).  However, a "treating physician's

opinion on the ultimate issue of disability is not necessarily conclusive."  *Id.* at 762 (citations

omitted).  To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must

state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v.

Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "[T]he mere absence of a corroborating opinion

cannot in itself constitute a conflict among the medical opinions."  *Widmark v. Barnhart*, 454

F.3d 1063, 1066 (9th Cir. 2006).

If the treating doctor's opinion is contradicted by another doctor's opinion, however, an

ALJ may reject it by providing specific and legitimate reasons that are supported by substantial

evidence.  *Id.*  "Substantial evidence means more than a scintilla, but less than a preponderance."

*Frost v. Barnhart*, 314 F.3d 359, 366 (9th Cir. 2002).  "To find substantial evidence, [t]he court

must consider both evidence that supports and evidence that detracts from the ALJ's conclusion;

it may not affirm simply by isolating a specific quantum of supporting evidence."  *Id.* at 367

(quoting *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (internal quotation marks omitted)).

 "While inferences from the record can constitute substantial evidence, only those reasonably

drawn from the record will suffice."  *Widmark*, 454 F.3d at 1066 (citation and internal quotation

marks omitted).

**MEMORANDUM DECISION AND ORDER  - 14**

Dr. Black was Petitioner's primary care-giver.  (AR 444).  In this capacity, she was prompted by Petitioner's attorney to answer a set of written interrogatories regard the symptoms and severity of Petitioner's alleged disabilities.  (AR 444–52).  In reviewing this evidence, the ALJ assigned it "limited weight as it is inconsistent with the claiman's treating orthopedist's opinion and treatment records."  (AR 25).  Further, the ALJ held that Dr. Black "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported."[4]  (AR 25).  Finally, the ALJ stated that Dr. Black's opinion "departs substantially from the rest of the evidence of record . . . ."  (AR 25).

Petitioner claims that "[t]he ALJ failed to give clear and convincing reasons or 'specific and legitimate reasons' for disregarding Dr. Black's well supported opinion regarding the Plaintiff's inability to sustain work on a full time basis, sustain standing, walking, or sitting, or ambulate effectively."  *Petitioner's Brief*, p. 11 (Docket No. 11).  Petitioner argues that the ALJ's reasoning, that Dr. Black's opinion is inconsistent with Dr. Hansen's, is misplaced because, according to Petitioner, "Dr. Hansen's and Dr. Black's opinions are not contradictory or inconsistent as they cover different time periods and are based on different sets of medical evidence."  *Id*. at 8.

It is well-established that the ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b).  However, the ALJ is not bound by an expert medical opinion on the ultimate question of disability.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  With regard to an opinion of a treating physician, if the ALJ does not concur with the doctor's opinion, they

---

[4]  As discussed in more depth below, the ALJ's determination regarding Petitioner's credibility was not erroneous.  *See infra* section IV(B)(2)(b).

**MEMORANDUM DECISION AND ORDER  - 15**

must provide "specific and legitimate" reasons for rejecting it.  *Lester*, 81 F.3d at 830-31.  "The

ALJ can meet this burden by setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings."

*Tommasetti*, 533 F.3d at 1041 *(quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

In the instant action, the ALJ complied with the requirements of the *Tommasetti* case and

provided specific and legitimate reasons for rejecting Dr. Black's opinion.  An ALJ may reject a

treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have

been properly discounted as lacking credibility.  *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d

595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)), *see also infra*

section IV(B)(2)(b).

Dr. Black's records, especially the interrogatory in question, do suggest that they are

largely a reflection Petitioner's own reports of pain, with little independent analysis or diagnosis.

For example, most of the responses begin with "Ms. Kole states," or "Ms. Kole reports."  (AR

444–49).  Additionally, Dr. Black acknowledges on the form that she did not have diagnostic

imaging of Petitioner's knees or the results of any pulmonary function testing in support of her

conclusions.  (AR 446, 450).  Thus, the ALJ's adverse credibility determination supports the

limited rejection of Dr. Black's opinion because it was primarily based on Petitioner's subjective

comments concerning her own condition.

Further, after discussing Petitioner's medical history and treatments in detail, the ALJ

found that Dr. Black's interrogatory responses were inconsistent with the medical records.  For

example, the ALJ stated that the ultimate conclusions from Dr. Black's interrogatory responses

were "inconsistent with the claimant's treating orthopaedist's opinion and treatment records."

**MEMORANDUM DECISION AND ORDER  - 16**

(AR 25).  Indeed, while Dr. Black opined that Petitioner was unable to work more than two hours a day (AR 451), Dr. Hansen found Petitioner as making "excellent progress" with treatment (AR 338), and that "X-rays show minimal degenerative changes."  (AR 412–13).  The inconsistency between Dr. Black's interrogatory responses, and the opinions and records of Dr. Hansen, provide an additional specific and legitimate reason for rejecting Dr. Black's opinion of Petitioner's limitations.

The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) ( "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.") (*citing Magallanes*, 881 F.2d at 750).  Upon a careful review of the record, the Court concludes that the ALJ reasonably rejected Dr. Black's opinion to the extent that it precluded Petitioner from performing modified light-duty work.

**b.    In light of ALJ's Credibility Determination**

Petitioner argues that the ALJ failed to properly support his finding that Petitioner was not credible.  *Petitioner's Brief*, pp. 12–16 (Docket No. 11).  Resolution of conflicts in the testimony and of credibility questions is a function solely of the ALJ.  *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988).  Furthermore, "if the ALJ's credibility finding is supported by substantial evidence in the record," the Court "may not engage in second-guessing."  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  The ALJ is in the best position to make such credibility determinations and, for this reason, the ALJ's credibility determinations are entitled to great weight.  *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).  Indeed, "[c]redibility determinations are the province of the ALJ."  *Fair*, 885 F.2d at 604.

**MEMORANDUM DECISION AND ORDER  - 17**

The ALJ determined that Petitioner was apparently credible regarding the presence of some degree of discomfort and her inability to do some types of work.  (AR 24)  Likewise, the ALJ found that there was sufficient and reliable evidence to show that Petitioner has a "medically determinable impairment" that could produce the pain and other symptoms alleged by Petitioner.  (AR 24).  However, the ALJ also concluded that the same evidence does not support the Petitioner's "statements concerning the intensity, persistence and limiting effects of the[] symptoms . . . ."  (AR 24).

Where, as here, the ALJ finds the claimant's pain testimony to be not entirely credible, the Ninth Circuit has held that "the ALJ may reject the claimant's testimony regarding the severity of [his] symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); s*ee also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Specifically, in determining whether the claimant's subjective testimony regarding the severity of her symptoms is credible, "the ALJ may consider claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between [her] testimony and [her] conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains."  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 791 (9th Cir. 1997).  In evaluating this case, the ALJ appropriately relied on (1) the records of Petitioner's treating physician, Dr. Hansen, regarding the severity, and effect of Petitioner's symptoms, (2) the inconsistencies in Petitioner's testimony regarding her physical

**MEMORANDUM DECISION AND ORDER  - 18**

limitations and her conduct and daily activities, and (3) Petitioner's failure to "pursue vocational rehabilitation or [consider] any other work.  (AR 24–25).

The ALJ noted that Dr. Hansen opined that Petitioner was "able to lift 20 to 30 pounds occasionally and do sedentary types [of] work" in April 2005.  (AR 24).  The ALJ further noted that, in September 2006, Dr. Hansen noted that Petitioner was able to "ambulate with normal gait," and that "x-rays show minimal degenerative changes of her left knee."  (AR 24).

The ALJ also found that Petitioner was inconsistent in how her limitations effected her daily living.  Petitioner testified that she engaged in normal activities of daily living, including preparing meals, bathing, house cleaning, laundry, shopping, attending church and crocheting.  (AR 24).  The ALJ also found Petitioner's subjective limitation claims inconsistent with Dr. Hansen's notes that "she is doing excellently," after her lobectomy, and that "claimant's limitation is walking one to two miles in a day.  (AR 24).

After carefully reviewing the record, the Court concludes that the ALJ had sufficient reason to reject Petitioner's credibility regarding the intensity and persistence of such pain and other symptoms, and her inability to do any type of work.  In the Court's opinion, the record contains substantial evidence to support the conclusions of the ALJ.  The ALJ properly evaluated Petitioner's testimony and provided clear and convincing reasons for finding her testimony to be not entirely credible.

Where, as here, the ALJ has made specific findings justifying a decision to discount certain allegations made by Petitioner regarding symptoms and their functional effect on daily activities, and those findings are supported by substantial evidence in the record, as the Court concludes they are in this action, the Court's role is not to second-guess that decision.  *Thomas*,

**MEMORANDUM DECISION AND ORDER  - 19**

278 F.3d at 959.  The ALJ's findings rejecting Petitioner's credibility are sufficient to allow the Court to conclude that the ALJ's decision is based on permissible grounds and that the ALJ did not arbitrarily or unreasonably discredit Petitioner's testimony.  *See Bunnell*, 947 F.2d at 345.

Accordingly, with all the foregoing in mind, the Court concludes that the ALJ's decision to reject certain aspects of Petitioner's subjective testimony concerning his limitations is not erroneous and should not be disturbed on appeal.

### 3.        Decision Based on Substantial Evidence Supported by the Record

In order for the ALJ's disability determination to be upheld, the ALJ has the burden of showing that his decision is based on substantial evidence.  *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id*. (*citing Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).  In this regard, the ALJ concluded that Petitioner had not met her burden of proof regarding her claims of disability due to a right knee replacement and stage I non-small cell lung cancer, status post right lobectomy, a conclusion that, to be upheld, must be based on substantial evidence and supported by the record.  (AR 17–27).

Although there is some evidence tending to support Petitioner's position, and reasonable minds could disagree, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which he relied and did not give enough weight to other evidence favorable to Petitioner.  Petitioner argues that the record, including the extra-record evidence, when viewed as a whole, supports a conclusion that she was disabled within the meaning of the Act from her alleged onset date of September 10, 2004.

**MEMORANDUM DECISION AND ORDER  - 20**

However, as discussed in this decision, the ALJ is the fact finder and is solely responsible for weighing evidence, drawing inferences from the facts, and determining credibility. *Allen*, 749 F.2d at 579; *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, as exists here, the Court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549. With all of the foregoing in mind, the Court concludes that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to support his conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court finds, and thus concludes, that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.

Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision. The Commissioner's decision is upheld.

## V.  ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this action is DISMISSED in its entirety with prejudice.



DATED:  **March 31, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 21**